**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael L. Shoen, a resident of Arizona, | No. CV06-3008-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Richard Symons, a resident of Great Britain, et al., | |
| Defendants. | |

## I. Motion to Dissolve or Modify Injunction.

Defendants move pursuant to Rule 60(b) to dissolve or modify this Court's permanent injunction issued on March 23, 2007 (Doc. 12). Doc. 20. Plaintiff opposes (Doc. 22), Defendants filed a reply (Doc. 24), and the parties do not request oral argument. It is not entirely clear under which paragraph of Rule 60(b) Defendants seek to establish relief, although references to "equity" (Doc. 20 at 7) suggest Defendants move under Rule 60(b)(5).

"Rule 60(b)(5) provides that a party may obtain relief from a court order when 'it is no longer equitable that the judgment should have prospective application,' not when it is no longer convenient to live with the terms of a consent decree." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (quoting Fed. R. Civ. P. 60(b)(5)). A movant under Rule 60(b)(5) "must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." *Id.* at 393; *see also Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255-57 (9th Cir. 1999).

Modification is required if federal law has changed to prohibit one or more of the obligations placed upon the parties, or if "the statutory or decisional law has changed to make legal what the decree was designed to prevent." *Rufo*, 502 U.S. at 388. "[A] decision that clarifies the law will not, in and of itself, provide a basis for modifying a decree," however. *Id.* at 390. Modification may nonetheless be "warranted when changed factual conditions make compliance with the decree substantially more onerous," but where the change in conditions was anticipated by the moving party "that party would have to satisfy a heavy burden to convince a court that it agreed to the decree in good faith, made a reasonable effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b)." *Id.* at 384-85.

"Once a moving party has met its burden of establishing either a change in fact or in law warranting modification of a consent decree, the district court should determine whether the proposed modification is suitably tailored to the changed circumstance." *Id.* at 391. "The court should not 'turn aside to inquire whether some of [the provisions of the decree] upon separate as distinguished from joint action could have been opposed with success if the defendants had offered opposition.'" *Id.* at 391-92 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 116-17 (1932)) (alterations in *Rufo*). Instead the inquiry focuses on "whether the proposed modification is tailored to resolve the problems created by the change in circumstances." *Id.* at 391.

With the above legal principles in mind, the Court turns to the motion in this case. The injunction here was entered by stipulation of the parties in a suit involving allegations of trademark and copyright infringement, breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, and unjust enrichment (Doc. 1 at 11-14). Defendants seek to dissolve or modify the injunction without arguing a change in law, relying instead on changed circumstances. *Id.* As discussed below, the Court finds Defendants' arguments unpersuasive.

Defendants first assert that, in a separate litigation before this Court, Plaintiff is taking the position that the voiceover and outtakes of Defendants' movie violates the injunction –

1 a position allegedly contrary to Plaintiff's post-injunction representations. Doc. 20 at 3-4. Even if Defendants' characterization of Plaintiff's position is accurate, Defendants here seek to dissolve or modify the injunction rather than a declaratory judgment. Defendants also fail to cite law showing that a position of interpretation taken by a party post-injunction – a position that has not yet given rise to a final judgment – constitutes a change in circumstances for which dissolution or modification of the consent decree are warranted.

Defendants also argue that "there is a significant possibility that consumers will be confused" unless the injunction were modified to permit Defendants to inform consumers the re-titled movie is the same as the movie consumers may have previously purchased. Doc. 20 at 5. This argument is certainly not a basis for completely dissolving the injunction. Nor is it sufficient to warrant the modification Defendants seek, for several reasons. First, Defendants fail to show evidence that even one consumer was confused – let alone a sufficient number of consumers to give rise to equitable concerns.[1] Second, Defendants fail to show that an alternative means of resolving hypothetical consumer issues would be more onerous for Defendants. Third, even had Defendants cleared the threshold showing of changed circumstances, the language they propose is not tailored to resolve the problems they argue are created by the change. Defendants' proposed language does not limit itself to warning consumers to not purchase the re-titled product. *See* Doc. 20 at 5. In sum, Defendants have failed to make the requisite showing for equitable relief.

**II.    Motion to Consolidate Cases.**

Defendants move pursuant to Rule 42(a) to consolidate this action, closed over four years ago, with another action currently pending between the parties. Doc. 21. Defendants argue that the parties are the same, and that the language of the parties' contract at issue in the new action is identical to the language of the injunction in this case. Doc. 21 at 2-3.

---

[1] Defendants' footnote (Doc. 20 at 9 n.2) incorporating by reference their papers in a related case without citing to specific portions of the record substantiating the perceived customer confusion will be disregarded. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

1 Defendants urge that consolidation will facilitate applying a single interpretation to both the contract and the injunction. *Id.* at 3. Defendants also filed a motion to consolidate in the new case, and Plaintiff's response appears intended for that motion. Doc. 23. The Court will therefore disregard Plaintiff's response as it pertains to this case.

This case has been closed for over four years. Moreover, Defendants concede the new action is limited to the contract between the parties. The fact that the contract and the injunction may have identical language has no bearing on the meaning of the contract. Nor have Defendants shown that dissolution or modification of the injunction is warranted, as discussed above. The motion to consolidate will be denied because Defendants have not shown two live actions before the Court that involve common questions of law and fact. Fed. R. Civ. P. 42(a).

**III. Observation.**

Defendants' motions are thin on legal support for the propositions they advance. For reasons of judicial efficiency, the Court expects future papers from Defendants to be more firmly grounded in the law. The Court also observes that many of Plaintiff's arguments appear to be either not relevant to the dispositive issues or overreaching. Both parties should try to focus arguments to the relevant law and facts.

**IT IS ORDERED:**

1. Defendants' motion to dissolve or modify the injunction (Doc. 20) is **denied**.
2. Defendants' motion to consolidate cases (Doc. 21) is **denied**.

DATED this 11th day of August, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge